```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA             :
                                     :
     -against-                       :      No. 08 Cr. 581 (JFK)
                                     :
JESUS MENA-CANCEL,                   :      **OPINION & ORDER**
                                     :
                    Defendant.       :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2020

APPEARANCES

FOR DEFENDANT JESUS MENA-CANCEL:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Michael D. Maimin
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a pro se motion by Defendant Jesus Mena-Cancel seeking a sentence reduction due to Mena-Cancel's age (he is 44), preexisting medical conditions (principally his asthma), and the COVID-19 pandemic. Mena-Cancel brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Mena-Cancel's motion as substantively meritless because Mena-Cancel's medical conditions, the circumstances of his incarceration, and the 18 U.S.C. § 3553(a) sentencing factors do not warrant a modification to his term of imprisonment. For the reasons set forth below, Mena-Cancel's motion is DENIED.

**I.  Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Mena-Cancel's Presentence Investigation Report ("PSR"), dated December 17, 2009, the Amended Violation of Supervised Release Report ("VOSR Report") prepared by the U.S. Probation Department for the Southern District of New York, dated March 14, 2019, and the transcript of Mena-Cancel's June 26, 2019 violation of supervised release proceeding ("VOSR Tr.").  In ruling on Mena-Cancel's compassionate release request, the Court has considered the arguments advanced in Mena-Cancel's pro se motion (filed under seal) and the Government's opposition, (ECF No. 176); Mena-Cancel did not file a reply.

On June 26, 2019, Mena-Cancel pleaded guilty to a specification related to his criminal possession of a controlled substance in violation of New York State Penal Law 220.16 and the terms of Mena-Cancel's federal supervised release, imposed by this Court, which commenced following his release from the Federal Bureau of Prisons ("the BOP") on December 15, 2017. (VOSR Report at 5; VOSR Tr. at 4:6–21.)  The specification stemmed from Mena-Cancel's September 5, 2018 arrest by New York City Police Officers ("the NYPD")—and his subsequent guilty plea in state court—for possession of approximately three kilograms of a compound consisting of heroin mixed with fentanyl, which

2

the NYPD obtained after serving a search warrant at Mena-Cancel's residence. (VOSR Report at 5-6; VOSR Tr. at 4:17-5:7.) On March 12, 2019, following Mena-Cancel's guilty plea in New York State court, he was sentenced to a two-year term of New York State incarceration, to be followed by a two-year term of New York State supervised release. (VOSR Report at 6.)

Mena-Cancel's relevant term of federal supervised release, during which he was arrested by the NYPD, was imposed by this Court following his guilty plea before this Court on March 10, 2009, to one count of conspiracy to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. § 846. (PSR ¶¶ 2, 6.) On March 29, 2010, this Court sentenced Mena-Cancel to 120 months' incarceration to be followed by the instant five-year term of supervised release. (VOSR Report at 5.) On December 15, 2017, Mena-Cancel completed his term of incarceration, was released from federal custody by the BOP, and began serving the term of supervised release during which, approximately nine months later, he was arrested by the NYPD. (Id.)

During Mena-Cancel's June 26, 2019 guilty plea and sentencing on the violation of supervised release, the Court found a Guidelines incarceration range of 27 to 33 months. (VOSR Tr. at 4:2-3.) Nevertheless, the Court sentenced Mena-Cancel to 18 months' imprisonment to run consecutive to his two-

year state sentence.  (Id. at 10:16-21.)  The Court imposed a one-year term of supervised release following the period of incarceration.  (Id. at 11:7-17.)  To date, Mena-Cancel has served approximately eight months of the 18-month sentence imposed by this Court.  He is scheduled for release on July 7, 2021. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 16, 2020).

On June 11, 2020, Mena-Cancel, proceeding pro se, submitted a motion under seal requesting a reduction in sentence and his immediate compassionate release due to the COVID-19 pandemic. Mena-Cancel's motion explained that he suffered from asthma, recently underwent a surgical procedure on his sinus, and he was deeply worried about his health should he contract the coronavirus.  The Court ordered the Government to respond, which was delayed due to certain issues relating to Mena-Cancel's incarceration in a state facility.  On August 23, 2020, the Government opposed Mena-Cancel's request on the grounds that no extraordinary and compelling reasons support his release which, in any event, would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a).  (ECF No. 176.)  Mena-Cancel did not file a reply.

**II. Discussion**

    **A. Legal Standard**

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term

of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

The Second Circuit recently ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are

extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly,

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.  Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051, at *2 (S.D.N.Y. Sept. 29, 2020) (footnote and internal citations omitted).  "[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

**B. Analysis**

The Court is sympathetic to the heightened risk certain individuals face from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Nov. 16, 2020); see also United States v. Park, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) ("The nature of prisons—crowded, with shared sleeping spaces and

6

common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk.") (collecting sources). And, on at least one occasion, it has ruled that the threat posed by the COVID-19 pandemic to a medically "high-risk" individual constitutes "extraordinary and compelling reasons" to warrant immediate compassionate release. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Graves, No. 18 Cr. 146 (JFK), 2020 WL 6058269, at *3–*4 (S.D.N.Y. Oct. 14, 2020) (denying release to non-violent 43-year-old despite his medical conditions, including asthma); United States v. Mascuzzio, No. 16 Cr. 576 (JFK), 2020 WL 3050549, at *3–*4 (S.D.N.Y. June 8, 2020) (same for non-violent 40-year-old with asthma).

Nevertheless, after considering the 3553(a) factors, the Court is not persuaded that extraordinary and compelling reasons exist to reduce Mena-Cancel's sentence and order his immediate release. Accordingly, Mena-Cancel's motion is denied.

First, Mena-Cancel has failed to articulate any extraordinary and compelling reason why his sentence should be reduced. The foundation of Mena-Cancel's motion is the

generalized threat COVID-19 poses to incarcerated individuals with underlying medical conditions.  Indeed, according to the Centers for Disease Control and Prevention ("the CDC"), older adults and people of any age who have serious underlying medical conditions may be at higher risk for a severe illness from COVID-19.  See People at Increased Risk, Ctrs. for Disease Control & Prevention, supra.  Here, however, Mena-Cancel's age, asthma, and history of a surgical procedure to his sinus are not severe enough to warrant compassionate release.  Mena-Cancel is 44, significantly younger than the CDC's former high-risk cutoff age of 65.  See id.; see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources).  While the CDC has listed "moderate to severe asthma" as a potential risk factor for a severe illness from COVID-19, Mena-Cancel's asthma cannot be characterized as such: according to the medical records he submitted, Mena-Cancel's asthma appears to be well controlled and he does not suffer from other health conditions which rise to the level of COVID-19 risk factors looked to by the CDC and courts, such as pulmonary hypertension, cancer, diabetes, or immunocompromization.  See, e.g., Park, 456 F. Supp. 3d at 563–64

8

(granting release to 44-year-old with a documented history of respiratory issues, including severe asthma and immune-compromising diseases); United States v. Williams, 456 F. Supp. 3d 414, 419 (D. Conn. 2020) (granting release to defendant with chronic asthma, hypertension, diabetes, and high cholesterol); Smith, 454 F. Supp. 3d at 315; but see, e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"); United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (denying release to 43-year-old with obesity and liver disease); United States v. Aronshtein, No. 11 Cr. 121 (GBD), 2020 WL 2836770, at *2 (S.D.N.Y. June 1, 2020) (denying release to defendant with asthma).

    Second, and decisive here, even if Mena-Cancel's age, health risks, and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early release. Here, the factors that weigh in Mena-Cancel's favor, such as the need to provide necessary medical care, are overshadowed by the combined

force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  For the same reasons that necessitated Mena-Cancel's 18-month term of incarceration for violating the Court's trust by once again becoming involved in a large-scale narcotics enterprise, less than one year after his release for similar criminal conduct, the Court finds that modifying Mena-Cancel's significantly below-Guidelines term of incarceration would disserve the above important sentencing factors.  Accordingly, Mena-Cancel's motion is denied. Cf. Graves, 2020 WL 6058269, at *4; Mascuzzio, 2020 WL 3050549, at *4.

### III. Conclusion

For the reasons set forth above, Defendant Jesus Mena-Cancel's motion for a reduction in sentence is DENIED.

**SO ORDERED.**

Dated: New York, New York
       November 18, 2020

_John F. Keenan_
John F. Keenan
United States District Judge